UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOBBY V. GRISSOM,<br><br>Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO.   4:18-cv-01581<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Bobby V. Grissom ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of ProCollect, Inc. ("Defendant" or "ProCollect") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as ProCollect conducts business in the Southern District of Texas and maintains significant contacts within the Southern District of Texas.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a foreign corporation with its principal place of business located at 12170 N. Abrams Road, Suite 100, Dallas, Texas 75243. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas. ProCollect claims to be a leader in financial recovery solutions, tracking and recovering accounts at more than double the national average.[1]

## FACTS SUPPORTING CAUSES OF ACTION

7. In September 2017, Plaintiff changed his cellular telephone number to (214) XXX-6640.

8. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 6640.

9. Immediately after changing his number, Plaintiff began receiving unknown calls from ProCollect in an attempt to collect a debt for a Linda K. Schueller.

10. Each call contained a pre-recorded message that stated "This call is for Linda K. Schueller, this call is from a debt collector and this is an attempt to collect a debt, Press 1 if you are Linda K. Schuller, Press 2 if you are not Linda K. Schueller."

---

[1] https://procollect.com/why-choose-procollect/ (Last Visited April 26, 2018)

11. Plaintiff was mystified as to why he was receiving these calls, as he does not know a Linda K. Schueller.

12. Immediately after these calls began, Plaintiff pressed 2 in order to inform Defendant he is not Linda K. Schueller.

13. Selecting that he was not Ms. Schueller did nothing to stop ProCollect from continuously calling his cellular phone.

14. On October 29, 2017, exasperated by the amount of calls he was receiving for Ms. Schueller, Plaintiff selected 1 in order to finally speak to a live representative.

15. Once a ProCollect representative was on the phone, Plaintiff informed ProCollect that he is Bobby Grissom, he is not Linda Schueller, and that he doesn't even know a Linda Schueller.

16. Notwithstanding Plaintiff's impassioned requests that Defendant's collection calls cease, Defendant placed or caused to be placed no less than 43 phone calls since September 2017.

17. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Instead of ceasing calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by periodically calling several times in one day.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

22. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

23. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

27. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The

hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

29. Upon information and belief, based on the pre-recorded messages Plaintiff heard during the phone calls in which Plaintiff answered, Defendant placed these aforementioned calls to Plaintiff using pre-recorded voice technology and thus qualifies as an ATDS.

30. Plaintiff does not have any business relationship with Defendant nor has he given it permission to call his cellular phone. As such, he could not have given Defendant consent to contact him on his cellular telephone.

31. Defendant violated the TCPA by placing no less than 43 unsolicited phone calls to Plaintiff's cellular telephone from September 2017 through the present day, using an ATDS without his prior consent.

32. Any prior consent, if any, was revoked by Plaintiff's numerous revocations. Specifically, Plaintiff verbally revoked consent to be called on his cellular phone when he selected 2 during the pre-recorded message, as well as on October 29, 2017, when he informed a live representative he was not Linda K. Schueller.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, BOBBY V. GRISSOM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from further contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

41. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

6

42. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

43. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

44. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

45. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

46. Defendant violated 15 U.S.C. §§1692b(3), c(a)(1), c(b), d, d(5), e, e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    **a.    Violations of FDCPA § 1692b**

47. Defendant violated §1692b(3) by contacting Plaintiff contacting Plaintiff on a number of occasions seeking to collect upon a debt for an individual named Linda. Plaintiff advised Defendant that it was calling the wrong person, so Defendant had more than enough information to know that the number it was calling did not belong to this unknown person. The fact that it was looking to speak with a female named Linda, but continuously called Plaintiff, a male named Bobby, after speaking with him is illustrative of Defendant's unfair practice. Armed with this knowledge, Defendant still continued to call Plaintiff's cellular phone multiple times without his prior consent.

    **b.    Violations of FDCPA § 1692c**

48. Defendant violated §1692c(a)(1) and c(b) when it continuously called Plaintiff after being notified to stop on no less than 2 separate occasions. This repeated behavior of continuously and

7

systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that he did not legally owe.

49. Furthermore, Defendant has relentlessly called Plaintiff on no less than 43 occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

50. Defendant was notified by Plaintiff that he was not Linda and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### c. Violations of FDCPA § 1692d

51. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on a debt that did not belong to him. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that he is not Linda and demanded that the calls cease on no less than 2 separate occasions.

52. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 43 harassing phone calls to Plaintiff's cellular telephone from September 2017 through the present day, using an ATDS without his prior consent, with calls taking place on back to back days and multiple times in one day.

### d. Violations of FDCPA § 1692e

53. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff at least 43 times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though the debt did not belong to him. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it never had consent to do so in the first place.

### e. Violations of FDCPA § 1692f

54. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff knowing that the debt was not his. By doing this, Defendant attempted to browbeat Plaintiff into making a payment that he did not legally owe. By placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

55. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

56. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers that do not legally owe such debt.

57. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

58. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff BOBBY V. GRISSOM. respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

59. Plaintiff restates and reallages paragraphs 1 through 23 as through fully set forth herein.

60. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

61. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

62. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

   **a. Violations of TDCA § 391.302**

63. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

64. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after he notified it that he was not Linda Schueller, and therefore the owner of the debt ProCollect was calling about, and told ProCollect to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated

contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

65. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff BOBBY V. GRISSOM respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

    f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 15, 2018                                    Respectfully Submitted,

/s/ Marwan R. Daher                           /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                      Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                            *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                 Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200    2500 South Highland Avenue, Suite 200
Lombard, IL 60148                              Lombard, IL 60148
Telephone: (630) 537-1770                Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                  osulaiman@sulaimanlaw.com