IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY V. GRISSOM, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-01581 |
| | § | |
| PROCOLLECT, INC., | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT PROCOLLECT, INC.'S
## UNOPPOSED MOTION TO TRANSFER VENUE

Defendant, ProCollect, Inc. ("ProCollect" or "Defendant"), files its *Motion to Transfer Venue* pursuant to FED. R. CIV. P. 12(b)(3) (improper forum) and 28 U.S.C. § 1404(a) (transfer for convenience) and asks the Court to transfer this case to the Northern District of Texas, Dallas Division. In support of this motion, Defendant would show the Court the following:

SUMMARY

1.  On May 15, 2018, Plaintiff filed *Plaintiff's Complaint* seeking damages from Defendant based on an alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and Texas Debt Collect Act, TEX. FINC. CODE Ch. 392. However, upon information and belief (and the Complaint is silent as to same), Plaintiff resides in the Northern District of Texas, Dallas Division, where Defendant's principal place of business is also located, making the Southern District an improper and inconvenient venue.

ARGUMENT & AUTHORITY

2. <u>Improper Venue</u>.  Upon information and belief, Plaintiff does not reside in Southern District of Texas, but the Northern District, Dallas Division.  Likewise, Defendant's principal place of business is not located in the Southern District of Texas, but the Northern District, Dallas Division.  As such, Defendant alleges that the case should be dismissed pursuant to FED. R. CIV. P. 12(b)(3), or in the alternative, transferred to the Northern District, Dallas Division.

3. <u>Transfer for Convenience</u>.  A Court may transfer a suit to any other district or division where it could have been brought for the convenience of the defendant or its witnesses and in the interest of justice.  28 U.S.C. § 1404(a).  The Court should grant *Defendant's Motion to Transfer* for the following reasons:

    a.    The current forum does not have any meaningful ties to the controversy. *In re Nintendo Co.,* 589 F. 3d 1194, 1198 (Fed. Cir. 2009); *Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 714 (E.D. Tex. 1988).

    b.    Plaintiff is not a resident of the district where he filed suit and has no particular connection to the district.  *Intrepid Potash-N.M., LLC v. U.S. Dep't of the Interior,* 669 F. Supp. 2d 88, 95 (D.D.C. 2009); *Neil Bros. Ltd. v. World Wide Lines, Inc.,* 425 F. Supp. 2d 325, 333 (E.D.N.Y. 2006).

    c.    The current forum is inconvenient for Defendant, and Plaintiff will not be inconvenienced by the transfer.  *See Abecassis v. Wyatt,* 669 F. Supp. 2d 130, 132-33 (D.D.C. 2009).

    d.    A transfer to another district will be more convenient for defendant's key witnesses which are located in Dallas, including Plaintiff and Defendant's corporate representatives.  28 U.S.C. §1404(a); *In re Genentech, Inc.,* 566 F.3d 1338, 1343-44 (Fed. Cir. 2009).

PRAYER

For the foregoing reasons, ProCollect, Inc. asks the Court to transfer this case to the Northern District of Texas, Dallas Division and tax any costs against Plaintiff, and for such other and further relief to which ProCollect may be entitled.

Respectfully submitted,

By: _____
JOHN W. BOWDICH
State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
10440 N. Central Expy., Suite 1540
Dallas, Texas 75231
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEYS FOR DEFENDANT
PROCOLLECT, INC.

CERTIFICATE OF SERVICE

On July 2, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, Houston Division using the electronic case filing system of the court, thereby providing service to all parties.

Marwan R. Daher, Esq.                                VIA ECF
Omar T. Sulaiman, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148

ATTORNEYS FOR PLAINTIFF
                                               By:_____
                                                       JOHN W. BOWDICH

CERTIFICATE OF CONFERENCE

The undersigned contacted Plaintiff's Counsel on July 2, 2018 to discuss the merits of this Motion. Opposing Counsel does not oppose this Motion.

Certified to this 2nd day of July, 2018.

By: _____
JOHN W. BOWDICH